UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-23061-CIV-MARTINEZ-SANCHEZ

ON CLOUDS GMBH,

        Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Eduardo I. Sanchez, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Plaintiff's Motion for Entry of Preliminary Injunction ("Motion"), (ECF No. 8). Judge Sanchez filed an R&R recommending that the Motion be granted. (ECF No. 33). The Court has reviewed the entire file and record, and notes that no objections have been filed.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that Judge Sanchez's R&R, (ECF No. 33), is **AFFIRMED** and **ADOPTED**. Further, it is **ADJUDGED** and **ORDERED** that Plaintiff's Motion for Entry of Preliminary Injunction, (ECF No. 8), is **GRANTED** as set forth below:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are hereby restrained and enjoined, until further Order of this Court:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the

    On Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

  b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the On Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the On Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this Court, the use of the On Marks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this Court, the use of the On Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by any Defendant, including the e-commerce stores operating under the E-commerce Store Names;

(4) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve

computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Order;

(5)     Upon Plaintiff's request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered, to the extent not already done, to disclose to Plaintiff the true identities and contact information of those registrants;

(6)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal") and Stripe, Inc. ("Stripe"), and their related companies and affiliates shall, to the extent not already done, immediately (i) identify all financial accounts and/or sub-accounts, associated with the Internet e-commerce stores operating under the E-commerce Store Names, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

(7)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and Stripe, and their related companies and affiliates, shall further, to the extent not already done, within five business days of receiving notice of this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained

and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal and Stripe, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court;

(8)     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(9)     This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by Defendants for the purpose of counterfeiting the On Marks and/or unfairly competing with the Plaintiff;

(10)    As a matter of law, this Order shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction;

(11)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(12)    Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators, and/or administrators of the e-commerce stores and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to, PayPal and Stripe, and their related companies and affiliates shall, to the extent not already done, at Plaintiff's request, provide Plaintiff's counsel with any e-mail addresses known to be associated with Defendants' respective E-commerce Store Names; and

(13)    This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12 day of September 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

# SCHEDULE A
## DEFENDANTS BY E-COMMERCE STORE NAME, FINANCIAL ACCOUNT INFORMATION, AND E-MAIL ADDRESS

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Merchant ID / Transaction Information | PayPal E-mail | E-mail Addresses |
|---|---|---|---|---|---|
| 1 | oncloudshoesforall.com | KyleFGramAktiengesellschaft | KEWHM8BMFL922 | | |
| | | UNATHI KEKANA | 3V53NRD5HQBZS | UNATHI_KEKANA@HOTMAIL.COM | |
| 2 | on-cloudy.com | oncloud | ZA6LUY6YUF5Q4 | | support@on-cloudy.com |
| 3 | shuckson.com | Stripe Payment | ACQRA *shirtqe Transaction Date: July 1, 2024 Posted Date: July 2, 2024 Category: Merchandise & inventory | | support@ltsmrd.top |
| 4 | okdbest.com | Okdbest Online Store | ZSEKNMHNZ8ZAG | | service@okdbest.com service@berricch.com |
| 5 | reverieh.com | 东莞市誉讴装饰材料有限公司 | 4LFT52DRECZKJ | | service@reverieh.com service@treeofocean.com |
| 6 | letfofact.life | Stripe Payment | BILLYBOMBINGLTD Transaction Date: June 20, 2024 Posted Date: June 21, 2024 Category: Merchandise & inventory | | |
| 6 | topdteven.best | Stripe Payment | BILLYBOMBINGLTD Transaction Date: June 20, 2024 Posted Date: June 21, 2024 Category: Merchandise & inventory | | |
| 7 | usfashionbuy.com | fashionbuy | FW2C5W39SL95U | | fashionshop-servers@outlook.com |

6